396 F.2d 126
 Sylvia GREENE, Harry Greene, Mary Lo Prince and Don J. Lo
Prince, Plaintiffs-Appellants,
v.
SWISSAIR TRANSPORT CO., Ltd., Globus Mantegazza and Albek,
S.A., a/k/a Globus Tours, Mantegazza & Albek,
Inc., Lugano, a/k/a Globus Tours,
Defendants-Appellees.
 No. 380, Docket 31216.
 United States Court of Appeals Second Circuit.
 Argued April 3, 1968.
Decided May 22, 1968.
 
 Benjamin H. Siff, B. Leo Schwarz, New York City, for plaintiffs-appellants.
 Richard J. Burke, John E. Morris, New York City, for defendant, Swissair Transport Co., Ltd.
 Alden Mesrop, Wormser, Koch, Kiely & Alessandroni, New York City, for defendant, Globus Tours, Mantegazza & Albek, S.A.
 Before MOORE, WOODBURY[1] and SMITH, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants were participants in a group tour of Italy. As they were proceeding south from Rome to Naples, their tour bus, operated by Mr. Fontana on behalf of Globus Tours, collided into the rear of a southbound truck while overtaking it. After hearing the evidence, the court submitted three questions to the jury. They were
 
 
 2
 (1) Was the driver Fontana negligent in the operation of the bus on March 16, 1962, at or just before the collision?
 
 
 3
 (2) Did Fontana do all that he reasonably could have done to avoid or prevent the collision on March 16, 1962?
 
 
 4
 (3) If you determine that the driver was negligent and/or that he did not do all that he could have done to avoid or prevent the collision, the following questions should be answered:
 
 
 5
 A. Did a joint-venture exist between Globus and Swissair with regard to the Italian Holiday Tour, including that portion of the tour being conducted on March 16, 1962?
 
 
 6
 B. Was the negligence or lack of due care by the bus driver a proximate cause of the injuries or physical disabilities claimed by Sylvia Greene, Harry Greene, Mary Lo Prince, Don Lo Prince, Velda Schrenker, Arthenith Schrenker, and Edna Major?
 
 
 7
 Question (2) was submitted because it stated the applicable Italian law.
 
 
 8
 The jury answered the first question negatively, the second affirmatively. This result is supported by the evidence. Therefore, there is no need for us to decide whether or not Swissair and Globus were joint venturers as a matter of law.
 
 
 9
 Moreover, plaintiffs' contention that after an interruption in the jury's deliberation, due to an illness of one of the jurors, the court should have recharged the jury is to no avail. The jury had begun consideration of the evidence before the interruption and the questions had been submitted to it in writing.
 
 
 10
 Affirmed.
 
 
 
 [1]
 Of the First Circuit, sitting by designation